UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENRICO J. CIARROCCHI, : | |
| : | Civil Action No. |
| Plaintiff, : | **09-4468 (NLH)(KMW)** |
| : | |
| v. : | |
| : | |
| KENNEDY MEMORIAL HOSPITAL, : | |
| JOSEPH RODI, DEBORAH RIGGS, : | **MEMORANDUM & ORDER** |
| MICHAEL CIARROCCHI, | |
| : | |
| Defendants. : | |

This matter having come before the Court on its *sua sponte* review of plaintiff's complaint; and

Plaintiff, Enrico Ciarrocchi, appearing pro se, having filed a complaint pursuant to 42 U.S.C. § 1983 against the defendants claiming that they violated his civil rights when plaintiff was involuntarily, and based on false accusations, hospitalized at the Kennedy Memorial Hospital psychiatric unit four times from June 1994 though June 1996; and

It appearing that plaintiff had previously filed the identical claims against these same defendants in this Court, see Civil Action No. 08-2853; and

The Court having dismissed plaintiff's claims on several bases, including the doctrine of res judicata and the applicable statute of limitations, see 08-2853, Docket No. 18[1]; and

---

[1] In plaintiff's "Statement of the Case," he acknowledges his prior case and the basis for the Court's dismissal of the case and denial of his motion for reconsideration. Plaintiff reargues

The Court finding that plaintiff's reassertion of the same claims here must be dismissed for the same reasons; and

The Court further finding that another basis for dismissal is that claims brought pursuant to 42 U.S.C. § 1983 must be advanced against "state actors," and it does not appear that any defendants are state actors, see National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988)("When Congress enacted § 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred 'under color of' state law; thus, liability attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'"); and

The Court further finding that plaintiff is appearing to engage in "recreational litigation,"[2]; see Marrakush Soc. v. New

---

why his first case should not have been dismissed, and appears to believe that the refiling of the identical claims are permitted because he "filed this case within the 90 day window." (Pl. Statement of the Case at 21.) The Court is not aware of any rule that permits the refiling of a case within 90 days of dismissal.

Relatedly, the Court notes that following this Court's dismissal of his first case, and the subsequent denial of his motion for reconsideration, plaintiff filed suit against "United States District Court" asking for $10 million dollars because this Court denied his due process rights by dismissing his case. That case was summarily dismissed on an Order to Show Cause based on the doctrine of judicial immunity. See Civil Action No. 09-cv-02322, Docket No. 5.

[2]Plaintiff has filed numerous other cases in this District, many of which have been dismissed on the Court's *sua sponte*

Jersey State Police, 2009 WL 2366132, *36 (D.N.J. July 30, 2009) (explaining that a "'recreational litigant' is the 'one who engages in litigation as sport and files numerous complaints with little regard for substantive law or court rules.'" (quoting Jones v. Warden of the Stateville Correctional Ctr., 918 F. Supp. 1142, 1153 (N.D. Ill. 1995) (noting that, "[w]hen confronted with [a] recreational plaintiff, courts, to protect themselves and other litigants, have enjoined the filing of further case without leave of court") (other citations omitted)); and

    The Court further finding that it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern for maintaining order in the court's dockets, see id. (citing In Re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (stating that "in appropriate

---

review: 08-cv-01704-JBS-AMD CIARROCCHI v. UNUM GROUP, removed on 04/04/08; 08-cv-02809-NLH CIARROCCHI v. SOCIAL SECURITY ADMINISTRATION et al., filed 06/06/08, closed 06/18/08 (dismissed on Court's *sua sponte* review); 08-cv-02853-NLH-JS CIARROCCHI v. KENNEDY MEMORIAL HOSPITAL et al., filed 06/09/08, closed 02/13/09; 09-cv-01283-RBK-JS CIARROCCHI v. AMERICAN HONDA MOTOR COMPANY, filed 03/19/09, closed 04/13/09 (dismissed on Court's *sua sponte* review); 09-cv-02342-RBK-AMD CIARROCCHI v. CELANO AND KRAMER, filed 05/18/09; 09-cv-02433-NLH-AMD CIARROCCHI v. CLEARVIEW REGIONAL HIGH SCHOOL DISTRICT, filed 05/20/09; 09-cv-03196-RBK-JS CIARROCCHI v. AMERICAN HONDA MOTOR COMPANY, INC., filed 06/30/09, closed 07/30/09 (dismissed on Court's *sua sponte* review); 09-cv-02322-JAP-TJB CIARROCCHI v. UNITED STATES DISTRICT COURT filed 05/14/09, closed 06/23/09 (dismissed on Court's *sua sponte* review).

circumstances, courts have gone beyond prohibitions against relitigation and enjoined persons from filing any further claims of any sort without the permission of the court"));

Accordingly,

**IT IS HEREBY** on this 3d day of September, 2009

**ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE;** and it is further

**ORDERED** that if plaintiff attempts to relitigate these same claims against these same defendants for a third time, the Court will be obligated to enjoin plaintiff from filing any claims in this District without permission of the Court.

s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.